AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## District of Massachusetts

UNITED STATES OF AMERICA
v.
**JAMES M. DONOVAN**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **1:99CR10208-001**

**Owen Walker**
Defendant's Attorney

**THE DEFENDANT:**

[X] pleaded guilty to count(s) **1-25**

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | 01/07/1999 | 1 |
| 18 U.S.C. § 1341 | Mail Fraud | 04/06/1997 | 2 |
| 18 U.S.C. § 1341 | Mail Fraud | 03/25/1998 | 3 |

See Additional Counts of Conviction - Page

The defendant is sentenced as provided in pages 2 through ____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **07/29/1970**
Defendant's USM No.: **22661-038**
Defendant's Residence Address:
**52 Jones Rd., Apt.# 2**

**Revere                        MA**

Defendant's Mailing Address:
**52 Jones Rd., Apt.# 2**

**Revere                        MA**

**11/09/2000**
Date of Imposition of Judgment

*William G. Young* (signature)
Signature of Judicial Officer

**William G. Young**
USCJ
Name & Title of Judicial Officer

Nov 14, 2000
Date

DOCKETED  81

Judgment-Page ___ of ___

DEFENDANT:      **JAMES M. DONOVAN**
CASE NUMBER:    1:99CR10208-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1341 | MailFraud | 12/22/1998 | 4 |
| 18 U.S.C. § 1341 | Mail Fraud | 12/29/1998 | 5 |
| 18 U.S.C. § 1341 | MailFraud | 12/31/1998 | 6 |
| 18 U.S.C. § 1341 | Mail Fraud | 01/05/1999 | 7 |
| 18 U.S.C. § 1341 | Mail Fraud | 01/07/1999 | 8 |
| 18 U.S.C. § 1341 | Mail Fraud | 06/17/1997 | 9 |
| 18 U.S.C. § 1341 | Mail Fraud and Aiding & Abetting | 11/17/1998 | 10 |
| 18 U.S.C. § 1341 | Mail Fraud and Aiding & Abetting | 03/17/1998 | 11 |
| 18 U.S.C. § 1341 | Mail Fraud and Aiding & Abetting | 05/14/1998 | 12 |
| 18 U.S.C. § 1341 | MAil Fraud and Aiding & Abetting | 06/03/1998 | 13 |
| 18 U.S.C. § 1341 | Mail Fraud and Aiding & Abetting | 12/29/1998 | 14 |
| 18 U.S.C. § 1341 | Mail Fraud and Aiding & Abetting | 01/05/1999 | 15 |
| 18 U.S.C. § 1341 | Mail Fraud and Aiding & Abetting | 12/30/1998 | 16 |
| 18 U.S.C. § 1341 | Mail Fraud and Aiding & Abetting | 08/04/1998 | 17 |
| 18 U.S.C. § 1341 | Mail Fraud and Aiding & Abetting | 01/05/1998 | 18 |
| 18 U.S.C. § 1341 | Mail Fraud and Aiding & Abetting | 12/30/1998 | 19 |

See Additional Counts of Conviction - Page

Judgment-Page ___ of ___

DEFENDANT: **JAMES M. DONOVAN**
CASE NUMBER: 1:99CR10208-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 42 U.S.C. § 408 (a) (7) (B) | False Representation of SocialSecurity Numbers | 12/29/1998 | 20 |
| 42 U.S.C. § 408 (a) (7) (B) | False Representation of SocialSecurity Numbers | 12/30/1998 | 21 |
| 42 U.S.C. § 408 (a)(7)(B) | False Representation of SocialSecurity Numbers | 12/30/1998 | 22 |
| 42 U.S.C. § 408 (a) (8) | Unauthorized Use of Name and SocialSecurity Number | 05/14/1998 | 23 |
| 42 U.S.C. § 408 (a) (8) | Unauthorized Use of Name and SocialSecurity Number | 01/05/1999 | 24 |
| 42 U.S.C. § 408 (a) (8) | UnauthorizedUse of Name and SocialSecuriyt Number | 01/05/1999 | 25 |

Judgment-Page      of

DEFENDANT:     JAMES M. DONOVAN
CASE NUMBER:   1:99CR10208-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __18__ month(s)_____.

**ON EACH OF COUNTS 1-25, THE SENTENCE TO RUN OCNCURRENT ONE COUNT WITH THE OTHER**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ a.m./p.m. on _____.

  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☒ before 2 p.m. on     01/10/2001 .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: **JAMES M. DONOVAN**
CASE NUMBER: **1:99CR10208-001**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __36__ month(s).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).
**See Special Conditions of Supervision - Page**

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **JAMES M. DONOVAN**
CASE NUMBER: **1:99CR10208-001**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant is to pay the balance of the restitution ordered according to a payment plan as directed by probation.

The defendant is prohibited from incurring new credit charges or opening new lines of credit unless in compliance with the payment schedule.

The defendant is to provide probation access to any requested financial information.

The defendant is to participate in a program for substance abuse which program may include testing to determine whether the defendant has reverted to the use of alcohol or drugs.

The defendant is to participate in a mental health program as directed by probation.

Judgment-Page _____ of _____

DEFENDANT:       **JAMES M. DONOVAN**
CASE NUMBER:     **1:99CR10208-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 2,500.00 | $ | $ 136,172.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .  $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **DET/Benefit Payment Control** |  | $136,172.00 |  |
| Totals: | $ 136,172.00 | $ 136,172.00 |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties       Case 1:99-cr-10208-WGY    Document 81    Filed 11/14/2000    Page 8 of 12

Judgment-Page ___ of ___

DEFENDANT:       JAMES M. DONOVAN
CASE NUMBER:   1:99CR10208-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

| ☒ Joint and Several Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| 99-10208 | OTHER DEFENDANTS IN CASE | $136,172.00 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

Judgment-Page ___ of _____

DEFENDANT: **JAMES M. DONOVAN**
CASE NUMBER: **1:99CR10208-001**

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

### OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:  **18**

Criminal History Category:  **I**

Imprisonment Range:  **27-33 MONTHS**

Supervised Release Range:  **2-3 YEARS**

Fine Range: $ __**6,000.00**__ to $ __**60,000.00**__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ __**136,172.00**__

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

### OR

☒ The sentence departs from the guideline range:

☒ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

THE COURT: Mr. James Donovan, in consideration of the offenses of which you stand convicted, the information from the United States Attorney, your attorney, the probation officer, and yourself, this Court sentences you to 18 months in the custody of the United States Attorney General, the sentence on each count of conviction to run concurrent one with the other.

The Court imposes upon you restitution in the amount of $136,172 jointly and severally with that of your co-defendants.

The Court imposes a special assessment of $2,500; no fine due to your inability to pay a fine; a period of supervised release of three years during which time you are prohibited from possessing a firearm or other dangerous weapon.

You're to pay the balance of the restitution according to a Court ordered repayment schedule. You're prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer. You're to provide the probation officer access to any requested financial information. You're to participate in a program for substance abuse as directed by the United States Probation Office which program may include testing to determine whether you are using alcohol or drugs. You're to participate in a mental health program as directed by the United States Probation Office.

Let me explain that sentence to you. Mr. Walker has fairly said and I believe you understand that you're the ringleader here. And the people that you have hurt are not just your family from whom you'll be separated but also all those other people that you involved in this, and I've had to impose sentences on that -- on them, sentences which have grievously fouled up their families simply because if you sentence someone you do that.

I impose a sentence on you of 18 months because such a sentence is just punishment for what you have done. Punishment because of all the other people you involved here.

Now, at the same time that sentence, a year and-a-half sentence, is not that long. Institutionally, and I don't fault Mr. Walker in the least for arguing on your behalf institutionally, by which I mean he's seen a lot of sentencings and he can argue to me about a lot of sentencings as a whole. But I say generally if I'm going to go down based upon cooperation, here I'm going down, I was supposed to give you 27 months, under the guidelines, the only way I can go down is because of the cooperation. The government says, well, go down to 21. I went further. Down to 18.

There's only one reason I did that. Otherwise, and people should understand, otherwise I would be governed, not governed, but I would be well-advised by the government's recommendation as to what it thinks the cooperation is worth, sensitive, and this recommendation was sensitive to what other people less involved got for their participation in this crime of which you were the ringleader.

Nevertheless, I went down another, another three months. And that honestly is because of the very difficult situation in which your mother finds herself. And because I believe that -- and I tell you looking you in the eye, I hear you, but everything I'm looking at, you're not the greatest risk who's been before the Court. While you were on presentence -- pretrial release you fouled up twice. But, I'm told you straightened yourself out. If you did, and I'm willing to take a chance that you did, then given your mother's situation the extra three months is justified.

The problem with this sentence is, and I recognize it, this doesn't get you into community confinement. This is 18 months. You'll get credit for such time as you've been in custody awaiting this sentence. That's the only credits you'll get. Nevertheless, that's a just sentence

under the circumstances.

Now, we need to calculate precisely what credit he does get. And Mr. Wild, can you advise?

MR. WILD: Your Honor, I haven't calculated that because --

THE COURT: Maybe the probation officer can tell me. He's in custody now, is he not?

MR. WALKER: No, he is not.

MR. WILD: No.

THE PROBATION OFFICER: No.

MR. WILD: I'm not aware --

THE COURT: Has he ever been in custody?

MR. WILD: No, I'm not aware of any credit, your Honor.

THE COURT: Oh, then I stand corrected.

MR. WALKER: I think -- well, if your Honor please, he may have been in custody for a few days before one of the violations. I was actually on vacation during, when he finally was sent to --

THE COURT: If he was in custody he's entitled to credit.

MR. WALKER: One day. It's minimal, your Honor.

THE COURT: Very well. Do you object to, in this crime do you object to self-reporting?

MR. WILD: Oh, no, your Honor.

THE COURT: All right. Then --

MR. WALKER: If your Honor please, may I just make one point.

THE COURT: Yes.

MR. WALKER: Which is that Mr. Donovan is also being, because this was divided up as two, technically two conspiracies, he is to be sentenced December 27th by Judge Lindsay. Now --

THE COURT: Why don't I make the self-reporting date in January, and I will continue it if for some reason Judge Lindsay should continue his.

The reason for self-reporting is to find a bed and a placement and give him enough time to, to get himself ready. One, that will take us through the holidays, which, perhaps, is a mercy, though stressful; and two, I don't know, and Judge Lindsay will impose whatever sentence he believes is just, but assuming that they all run concurrent and he knows where he's going to report, if I set it, say the second week in January, it would seem to work out.

Doesn't that make sense?

MR. WALKER: Yes, I think that does make sense.

THE COURT: Do you have any objection to that, Mr. Wild?

MR. WILD: No, your Honor.

THE CLERK: January 10th.

THE COURT: All right, you're to report to the place of confinement on January 10th, 2001. The same conditions of pretrial release continue. Don't mess up on those conditions. On that I'm taking a chance, and indeed the sentence in significant measure relies upon what I understand to be the case that you have straightened yourself out.

This is a just sentence. You can do the sentence. And I believe I properly ought impose it. That's the sentence of the Court.

THE CLERK: Advise him of his right to appeal.

       THE COURT:  You have the right to appeal from any findings or rulings that the Court has made against you.
       We'll recess.
       THE CLERK:  All rise.
       MR. WILD:  Thank you, your Honor.
       (Adjournment.)